UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

JAMES C. MCKAY, *on behalf of himself and others similarly situated*, *et al.*,

    Plaintiffs,

v.

LAVERN HUELSMANN, *doing business as* Senior Retirement Services, *et al.*,

    Defendants.

Case No. 11-cv-235-JPG-SCW

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the parties' joint Motion for Leave to Voluntarily Dismiss (Doc. 20). Specifically, Plaintiff James McKay seeks leave to voluntarily dismiss with prejudice any class action claims in the operative Complaint (Doc. 3-1) and to strike any class action allegations therein. If said claims are dismissed and said allegations are stricken, this matter may be remanded to the Circuit Court of St. Clair County, Illinois, to which Defendant FCB New Baden Bank consents.

The Court notes that the instant motion cites Federal Rule of Civil Procedure 41 as a legal basis for the relief sought.[1] Rule 41(a)(1) permits dismissal of an action by a plaintiff without a court order at any time before service by an adverse party of an answer or of a motion for summary judgment, whichever first occurs, or if a stipulation of dismissal is signed by all parties that have appeared. However, Rule 41(a)(1) is inapplicable because it speaks of dismissing an *entire action*, that is, all claims against a defendant. 8 James Wm.

---

[1] The instant motion also cites Federal Rule of Civil Procedure 23, which the Court finds inapposite to its analysis.

Moore *et al.*, Moore's Federal Practice § 41.21 [1] (3d ed. 2009). *See, e.g.*, *Loutfy v. R.R. Donnelley & Sons, Co.*, 148 F.R.D. 599, 602 (N.D. Ill. 1993); *U.S. v. Outboard Marine Corp.*, 104 F.R.D. 405, 414 (N.D. Ill. 1984) (wherein the district court denied plaintiff's request under Rule 41(a)(1) for voluntary dismissal of a single claim), *aff'd* 789 F.2d 497 (7th Cir. 1986). McKay seeks to dismiss only some claims against Defendants. To voluntarily dismiss only some claims against a defendant, a plaintiff should amend his pleading. 8 Moore's Federal Practice § 41.21[2].

For the foregoing reasons, the Court **DENIES** the instant motion (Doc. 20). But, being fully advised of the premises and for good cause shown, the Court **GRANTS** McKay leave to file an amended complaint no later than June 17, 2011. McKay's amended complaint should omit any class action claims or allegations pertaining thereto, and it should not add any new claims or substantive allegations. If such a complaint is timely filed, the Court can and will remand this matter to the Circuit Court of St. Clair County, Illinois, Twentieth Judicial Circuit.

**IT IS SO ORDERED.**
**DATED: June 6, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**